IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:16cr87-WKW |
| | ) | |
| STEVEN JOSHUA DINKLE | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:            GEORGE BULL, II

ASSISTANT U.S. ATTORNEY:    SUSAN R. REDMOND

**COUNTS AND STATUTES CHARGED:**

Count 1.        18 U.S.C. §922(g)(1)
                Felon in Possession of a Firearm

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1.        18 U.S.C. §922(g)(1)

**PENALTIES BY COUNT – MAXIMUM PENALTY:**

Count 1.        18 U.S.C. §922(g)(1)
                NMT 10Y;
                NMT $250,000; both
                NMT 3Y SUP REL;
                $100 AF; VWPA.

**ELEMENTS OF THE OFFENSE:**

18 U.S.C. § 922(g)(1):
1. The defendant knowingly and intentionally possessed a firearm; and
2. The defendant had been previously convicted in a court of a crime punishable by imprisonment for a term in excess of one year, a felony; and
3. The firearm(s) described had travelled in and affected interstate commerce.
*****************************************************************

1

Susan R. Redmond, Assistant United States Attorney and George Bulls, II, attorney for the defendant, pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charge pending in the Indictment, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will not be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## **GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the government will do the following:

a. Should the Court grant the defendant a 2-level reduction in the applicable offense level pursuant to U.S.S.G. §3E1.1(a) for the defendant's acceptance of responsibility, and should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. §

3E1.1(b). Determination of whether the defendant qualifies for the reduction pursuant to U.S.S.G. §3E1.1(b) is at the sole discretion of the United States.

        b.      Pursuant to F.R.Cr.P. 11(c)(1)(B), the government recommends that a sentence at the bottom of the applicable guideline range, as to Count 1 of the Indictment is an appropriate sentence in this case.

2.      The United States reserves the right to inform the Court and the Office of Probation of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background.

## DEFENDANT'S PROVISIONS

3.      The defendant agrees to the following:

        a.      To plead guilty to Count 1 of the Indictment;

        b.      To agree with the recommendation of the government as to sentencing and request the same;

        c.      To not request, argue, motion for, or accept a downward departure or variance.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1, that from on or about May 1, 2015 and continuing until August 1, 2015, in Dale County, within the Middle District of Alabama, the defendant, having been previously convicted in a court of a crime punishable by imprisonment for a term in excess of one year, to-wit: Conspiracy against Rights; Criminal Interference with the Right to Fair Housing; Obstruction of Justice -

Misleading Conduct; Obstruction of Justice - False Statement to a Federal Agent (1:13cr284-WKW) in the United States District Court for the Middle District of Alabama, did knowingly possess a firearm, in and affecting commerce, that is a Taurus, model PT 732, .32 caliber pistol, a better description of which is unknown, in violation of Title 18, United States Code, Section 922(g)(1).

## 18 U.S.C. § 3553(a)

The defendant acknowledges that counsel for the defendant has conferred with the defendant prior to the signing of this plea agreement and advised the defendant that the Court, at sentencing, will consider the factors set forth in 18 U.S.C. §3553(a), and explained to the defendant each of those factors specifically including (1) the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the kinds of sentences available; (6) the need to avoid unwarranted sentencing disparities; and, (7) the need to provide restitution to victims.

The defendant acknowledges his understanding that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. §3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C.

§3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground, and waives the right to attack the conviction and sentence in any post-conviction proceeding, including §2255 proceedings and probation revocation hearings. This waiver does not include the right to appeal or seek collateral review on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. §3742(b), the defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4. The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement, to include committing another federal, state, or local offense prior to sentencing on the pending charge, will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of

5

this agreement by the defendant. Defendant further understands that should he breach this agreement, this agreement will be null and void and he will be prosecuted for all offenses of which the government has knowledge. The parties agree that the Government will be the sole authority to decide whether Defendant has breached this Agreement.

      c.      The defendant further understands that, pursuant to Title 18, United States Code, §3013, said $100.00/count assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

      d.      The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      e.      The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      f.      The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further

Case 1:16-cr-00087-WKW-SRW   Document 16   Filed 04/01/16   Page 7 of 10

understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      g.    The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, conducted with the defendant's authorization, knowledge, and consent.

      h.    The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

      i.    The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

      j.    The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for

7

perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      k.    The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

    5.    The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charges to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    6.    The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the

defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the United States Attorney. In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on that basis.

This 1st day of April, 2016.

Respectfully submitted,

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

Verne H. Speirs
Deputy Chief - Criminal Division

Susan R. Redmond
Assistant U.S. Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, GEORGE BULLS, II.

_____
Steven Joshua Dinkle
Defendant

4-1-16
Date

_____
George Bulls, II
Attorney for Defendant

4/1/2016
Date